UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY NEWMAN, | ) |
| Movant, | ) |
| v. | ) No. 4:18-cv-525-SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER FOR MOVANT TO SHOW CAUSE**

This matter is before the Court on movant Larry Newman's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Because the motion appears to be time-barred, the Court will order movant to show cause why it should not be dismissed as such.

### Background

On June 29, 2011, movant pleaded guilty to Interference with Interstate Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a); Carrying a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c); and Kidnapping in violation of 18 U.S.C. § 1201(a)(1). *See U.S. v. Larry Newman*, Case No. 4:11-cr-11-SNLJ-2 (E.D. Mo. Nov. 2, 2011). On November 2, 2011, the Court sentenced movant to serve a total of 294 months' imprisonment, followed by five years of supervised release.[1] Movant did not appeal his convictions or sentences.

---

[1] The term of imprisonment consisted of two concurrent 210-month terms on the first two counts, and a consecutive term of 84 months on the third count.

More than six years later, on March 21, 2018,[2] movant filed the instant motion to vacate, brought pursuant to 28 U.S.C. § 2255. Therein, movant asserts that he is entitled to resentencing based upon the Supreme Court's decision in *Dean v. United States*, 137 S.Ct. 1170 (2017).

**Legal Standard**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

**Discussion**

---

[2] Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), the Court determines the instant petition to have been filed on March 21, 2018, the date movant avers that he placed it in the mail.

2

Turning first to application of § 2255(f)(1), as a general matter, convictions become "final" upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Id.*

Here, the judgment was entered on November 2, 2011, and became final fourteen days later, on November 16, 2011. *See* Fed. R. App. P. 4(b)(1)(a) (providing for a 14–day period in which to file an appeal in a criminal case). However, movant did not file his § 2255 motion until March 21, 2018, more than five years after the expiration of the one-year limitations period.

Movant contends that his late filing is permitted under application of § 2255(f)(3), inasmuch as his ground for relief rests upon the Supreme Court's April 3, 2017 decision in *Dean*, 137 S.Ct. 1170. However, application of § 2255(f)(3) depends on whether any newly recognized right is "retroactively applicable to cases on collateral review." The Eighth Circuit Court of Appeals has not addressed the retroactivity of *Dean.*

Citing no authority, movant contends that *Dean* allows this Court to "take into account the sentencing add-on when fashioning a just sentence for the predicate offenses," and he contends that *Dean* is retroactively applicable because it was a substantive ruling. (Docket No. 1 at 4). However, "there is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review." *Simmons v. Terris,* 2017 WL 3017536, at *2 (E.D. Mich. Jul. 17, 2017); *see also In re Dockery*, 2017 WL 3080914, at *1 (5th Cir. Jul. 20, 2017) (denying certification because the defendant had not "made a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *Hall v. United States*, 2017 WL 3235438, at *3 (N.D. Ill. Jul. 31, 2017) ("The *Dean* Court made no mention of applying its holding retroactively to cases on collateral

3

review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such"); *United States v. Adams*, 2017 WL 2829704, at *2 (W.D. Va. Jun. 29, 2017) (dismissing § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings under the criteria discussed in *Teague v. Lane*, 489 U.S. 288, 311–16 (1989)); *United States v. Payne*, 2017 WL 3730612, at *1 (N.D. Okl.Aug. 29, 2017). In addition, it has been held that *Dean* was procedural, rather than substantive, in nature. *See United States v. Dawson*, 2018 WL 1082839, --- F.Supp.3d --- (D. Or. Feb. 27, 2018) (*Dean* was procedural rather than substantive in nature, and thus did not apply retroactively to case on collateral review).

In sum, movant has not demonstrated that *Dean* triggers the longer limitations period in § 2255(f)(3). Therefore, movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be denied and dismissed as time-barred.

Dated this 19th day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE